Marc Van Der Hout (Cal. Bar #80778)
Johnny Sinodis (Cal. Bar #290402)
Oona Cahill (Cal. Bar #354525)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Conor T. Fitzpatrick (Mich. Bar #P78981)*
Daniel A. Zahn (D.C. Bar #90027403)*
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Telephone: (215) 717-3473
Email: conor.fitzpatrick@thefire.org
Email: daniel.zahn@thefire.org

Colin P. McDonell (Cal. Bar #289099)
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Email: colin.mcdonell@thefire.org

*Pro hac vice application forthcoming

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THE STANFORD DAILY PUBLISHING CORPORATION, JANE DOE, and JOHN DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>*Defendants*. | Case No. 5:25-cv-06618<br><br>**ADMINISTRATIVE MOTION TO PROCEED PSEUDONYMOUSLY** |

## INTRODUCTION AND STATEMENT OF THE ISSUE

Jane Doe and John Doe are legally present noncitizens who fear government retaliation based on their protected expression. Verified Compl. ¶ 5, ECF No. 1. They are the sole individual plaintiffs in this First Amendment lawsuit challenging the constitutionality of two immigration statutes Secretary Rubio is using to revoke visas and deport lawfully present noncitizens based on their protected expression. *Id.* ¶¶ 5–9. Filing a lawsuit is also protected expression. *McDonald v. Smith*, 472 U.S. 479, 484 (1985). The Doe Plaintiffs request to proceed pseudonymously due to the significant risk that, were their names revealed, the government would retaliate by seeking to deport them, as it has done to other noncitizens whose protected activity drew its ire.

As the Ninth Circuit has made clear, a reasonable fear of deportation for participating in a lawsuit is just the sort of scenario warranting pseudonymity. *See Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1063, 1069 (9th Cir. 2000) (reversing as abuse of discretion district court's order refusing to allow plaintiffs to use pseudonyms, when plaintiffs were noncitizens fearing retaliation via deportation). And this Court, this year, has allowed pseudonymous proceedings in similar situations. *See, e.g.*, Order Conditionally Granting Pl.'s Mot. to Proceed Under Pseudonym, *Doe v. Trump*, No. 25-cv-03140 (N.D. Cal. Apr. 18, 2025), ECF No. 19 (allowing pseudonymous proceeding when noncitizen feared retaliation for filing lawsuit); *W. B. v. Noem*, No. 25-cv-03407, 2025 WL 1180296, at *1 n.1 (N.D. Cal. Apr. 23, 2025) (same). It should do the same here.[1]

## BACKGROUND

As detailed in the Verified Complaint, Secretary Rubio and the Trump administration have promised to use two immigration provisions to target noncitizens based on their protected expression. Verified Compl. ¶¶ 28–39. They have kept their promise, arresting and attempting to deport Mahmoud Khalil, Mohsen Mahdawi, Rümeysa Öztürk, and others for protected speech. *Id.* ¶¶ 40–60. And the administration has vowed to continue revoking visas and deporting legally

---

[1] Plaintiffs are willing to disclose their identity to government's counsel who appear, as needed, to resolve the issues in this case. However, in light of the concerns raised in this Motion, Plaintiffs intend to seek a protective order (1) keeping the identities attorneys' eyes only and (2) preventing the use of any personal information disclosed in this case for retaliatory immigration enforcement before Plaintiffs disclose any identifying information to Defendants' counsel.

-1-

MOTION TO PROCEED PSEUDONYMOUSLY                     CASE NO. 5:25-cv-06618

1  present noncitizens who express views it dislikes. *Id.* ¶¶ 60–64. Just last week, White House Deputy
2  Chief of Staff and Homeland Security Advisor Stephen Miller insisted the White House was
3  targeting noncitizens for protected expression, posting that officials are "working continuously" to
4  revoke visas from noncitizens "who espouse hatred for America." *Id.* ¶ 64. Retaliating against
5  noncitizens through adverse immigration actions remains "a top priority" of this administration. *Id.*

6  The administration's targeting of noncitizen's protected speech has chilled noncitizens,
7  including the Doe Plaintiffs. *Id.* ¶¶ 17–18, 89–109. Jane Doe is a pseudonym used by a former
8  student at a United States university who lawfully resides in the United States in valid nonimmigrant
9  status. *Id.* ¶¶ 17, 89–90. She has published pro-Palestinian/anti-Israel commentary online, and the
10 Canary Mission website, which compiles profiles of individuals it deems "anti-Israel," lists her as
11 holding "anti-Israel" views. *Id.* ¶¶ 92–95. As administration officials have testified, the
12 administration used Canary Mission to derive most of the names of individuals it has targeted for
13 deportation based on pro-Palestinian advocacy. *Id.* ¶ 98. Since learning that she was listed on Canary
14 Mission and hearing about the Khalil, Mahdawi, and Öztürk arrests in March 2025, Jane Doe has
15 refrained from voicing her opinions regarding Palestine and Israel, fearing that doing so would cause
16 Secretary Rubio to revoke her visa or attempt to deport her. *Id.* ¶ 100.

17 John Doe is a pseudonym used by a former student at a United States university who lawfully
18 resides in the United States in valid nonimmigrant status. *Id.* ¶¶ 18, 102–03. After the October 7,
19 2023, attack, he peacefully attended pro-Palestinian protests and published pro-Palestinian/anti-
20 Israel commentary online. *Id.* ¶¶ 18, 104–05. After learning about noncitizens being arrested for
21 protected speech, he refrained from voicing his true opinions regarding Palestine and Israel, fearing
22 that doing so would cause Secretary Rubio to revoke his visa or attempt to deport him. *Id.* ¶ 107.

23 **ARGUMENT**

24 The Court should allow pseudonymous proceedings because "special circumstances justify
25 secrecy." *Advanced Textile*, 214 F.3d at 1067. One special circumstance is potential retaliation. *Id.*
26 at 1068. To determine whether pseudonyms are appropriate to shield plaintiffs from retaliation, the
27 district court evaluates (1) the threatened harm's severity, (2) the reasonableness of the party's fears,
28

(3) the party's vulnerability to retaliation, (4) the defendant's prejudice and whether it can be mitigated, and (5) the public's interest. *Id.* at 1068.

On the first factor, the threatened harm's severity, deportation is an exceptionally severe harm warranting pseudonymity. The Supreme Court has called deportation "a particularly severe penalty" and a "drastic measure" akin to lifelong "banishment." *Sessions v. Dimaya*, 584 U.S. 148, 157 (2018) (plurality op.) (internal quotation marks omitted). The Ninth Circuit has called it an "extraordinary" form of retaliation, meriting pseudonymous proceedings. *Advanced Textile*, 214 F.3d at 1071. In that case, the Ninth Circuit held that a district court abused its discretion by denying plaintiffs' motion to proceed pseudonymously where noncitizen plaintiffs feared deportation if forced to reveal their true names. *Id.* at 1063, 1069. That deportation is a severe and frequently irreversible form of retaliation weighs strongly in favor of permitting pseudonymous proceedings.

On the second factor, the reasonableness of the fear of retaliation, the Doe Plaintiffs' fears are reasonable because the administration has repeatedly threatened to retaliate against noncitizens for disfavored protected activity, has in fact done so, and promises to continue doing so. *See id.* at 1071 (holding pseudonymity warranted where government's past retaliation "bolster[ed] the reasonableness of plaintiffs' fears"). For example, in campaign rallies and after reelection, President Trump promised to deport foreign students who joined "pro-jihadist protests," were "anti-Semitic," or were "Hamas sympathizers." Verified Compl. ¶¶ 31–34. Secretary Rubio stated during a congressional hearing that he "proudly" revoked Rümeysa Öztürk's visa and would continue to revoke visas. *Id.* ¶ 62. The administration accordingly might well use this lawsuit as evidence that the Doe Plaintiffs hold critical views of the administration and retaliate against them for those views.

Numerous courts have already determined the administration has retaliated against noncitizens for their protected activity by subjecting them to adverse immigration action. *See Mahdawi v. Trump*, No. 25-cv-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025) (holding the evidence presented sufficiently "rais[ed] a 'substantial claim' of First Amendment retaliation"); *Mohammed H. v. Trump*, No. 25-1576, 2025 WL 1334847, at *7 (D. Minn. May 5, 2025) (holding the government failed to "rebut[] Petitioner's claims of viewpoint-based targeting and retaliation"); *Ercelik v. Hyde*, No. 25-cv-11007, 2025 WL 1361543, at *13 (D. Mass. May 8, 2025) (holding

-3-

1  "Petitioner has a high likelihood of success on the merits of his First Amendment [retaliation]
2  claim"); *Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1420540, at *6 (D. Vt. May 16, 2025) (holding
3  Öztürk "has presented, at the very least, a substantial claim of a First Amendment violation"). To
4  prevent the administration from repeating its retaliation, anonymity is required because, as the Ninth
5  Circuit recognized, it is "the most effective protection from retaliation." *Advanced Textile*, 214 F.3d
6  at 1071 (quoting *Wirtz v. Cont'l Fin. & Loan Co.*, 326 F.2d 561, 563–64 (5th Cir. 1964)).

7        What is more, past litigants who challenged the administration have faced immediate
8  retaliation. *See* Mirna Alsharif, *Cornell University Student Activist Whose Visa Was Revoked*
9  *Announces Departure from the U.S.*, NBC News (Apr. 4, 2025, at 9:54 ET), https://perma.cc/6MX3-
10 G6P2 (noting that after noncitizen Momodou Taal sued the administration, he claimed it sent "agents
11 to his home, revoked his student visa and took actions to prevent the lawsuit from going to court");
12 Jonah E. Bromwich, *U.S. Lodges New Accusations Against Detained Columbia Protest Leader*,
13 N.Y. Times (Mar. 23, 2025), https://perma.cc/B5EG-9VGE (noting that after Mahmoud Khalil
14 raised First Amendment claims against his deportation, the government "added new accusations"
15 and "appears to be using the new allegations in part to sidestep the First Amendment issues").

16       Preventing the government from initiating retaliatory removal proceedings here is critical
17 given the government's position that the INA completely divests district courts of jurisdiction once
18 removal proceedings begin. *See* Resps.' Opp. to Pet.'s Mot. for a Prelim. Inj. at 8, *Khalil v. Joyce*,
19 No. 25-cv-01963 (D.N.J. Apr. 2, 2025) (arguing "Congress divested federal district courts from
20 hearing claims related to removal"). In other words, if the government does retaliate against the Doe
21 Plaintiffs, the government's position may well be that this Court cannot do anything about it.

22       On the third factor, vulnerability to retaliation, the Doe Plaintiffs are especially vulnerable
23 because, though lawfully present, they are noncitizens. If their legal names are revealed, Secretary
24 Rubio could easily apply the Revocation or Deportation Provisions against them and attempt to
25 remove them. The ease with which Secretary Rubio could retaliate—and the fact that only two
26 noncitizens are currently suing—makes the Doe Plaintiffs particularly vulnerable to retaliation. *See*
27 *Advanced Textile*, 214 F.3d at 1072 (pseudonymity warranted where the relatively few noncitizen
28 plaintiffs could be "deported almost instantly" and lacked "safety in numbers").

1    On the fourth factor, prejudice to defendants, the use of pseudonyms does not prejudice Defendants because Plaintiffs' claims present primarily legal issues, and the verified complaint provides sufficient factual context to evaluate them. *Cf. Tingly v. Ferguson*, 47 F.4th 1055, 1070 (9th Cir. 2022) (holding, for ripeness purposes, that First Amendment claims are "purely legal" when presented with "enough of a specific factual context"). Thus, the Doe Plaintiffs' use of pseudonyms causes the Defendants no prejudice in defending the statutes' constitutionality.

Lastly, on the fifth factor, the public's interest would be best served by allowing the Doe Plaintiffs to use pseudonyms for two reasons. First, pseudonyms will not "obstruct public scrutiny of the important issues in this case." *Advanced Textile*, 214 F.3d at 1072. Whether the Secretary of State can constitutionally revoke visas and render a noncitizen deportable for protected speech is of great public interest, but the public will not suffer by not knowing the plaintiffs' true names. *See id.* at 1072 n.15 ("For instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*.") And second, "[t]he public also has an interest in seeing this case decided on the merits." *Id.* at 1073. That is because "it is always in the public interest to prevent the violation of a party's constitutional rights." *Am. Beverage Ass'n v. City & Cnty. of San Franciso*, 916 F.3d 749, 758 (9th Cir. 2019) (en banc) (internal quotation marks omitted). As noted, the Doe Plaintiffs are particularly vulnerable to retaliation that threatens to remove them, both from the country and as the only individual plaintiffs in this case. "Thus, permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward." *Advanced Textile*, 214 F.3d at 1073.

**CONCLUSION**

The Doe Plaintiffs respectfully request to continue litigating pseudonymously, using Jane Doe and John Doe in place of their true names. A proposed order granting permission is attached.

Dated: August 6, 2025

Respectfully Submitted,

/s/ *Marc Van Der Hout*
Marc Van Der Hout (Cal. Bar #80778)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108

/s/ *Conor T. Fitzpatrick*
Conor T. Fitzpatrick (Mich. Bar #P78981)*
Daniel A. Zahn (D.C. Bar #90027403)*
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**

| | |
|---|---|
| Telephone: (415) 981-3000<br>Facsimile: (415) 981-3003<br>Email: ndca@vblaw.com | 700 Pennsylvania Avenue SE, Suite 340<br>Washington, DC 20003<br>Telephone: (215) 717-3473<br>Email: conor.fitzpatrick@thefire.org<br>Email: daniel.zahn@thefire.org<br><br>Colin P. McDonell (Cal. Bar #289099)<br>**FOUNDATION FOR INDIVIDUAL**<br>**RIGHTS AND EXPRESSION (FIRE)**<br>510 Walnut Street, Suite 900<br>Philadelphia, PA 19106<br>Telephone: (215) 717-3473<br>Email: colin.mcdonell@thefire.org<br><br>*Pro hac vice application forthcoming<br><br>*Counsel for Plaintiffs* |