Chessie Thacher (SBN 296767)
  cthacher@aclunc.org
Shaila Nathu (SBN 314203)
  snathu@aclunc.org
Angelica Salceda (SBN 296152)
  asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478

*Attorneys for Amici Curiae*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE STANFORD DAILY PUBLISHING CORPORATION, JANE DOE, and JOHN DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>*Defendants*. | Case No. 5:25-cv-06618-NW<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, FIRST AMENDMENT COALITION, PEN AMERICAN CENTER, INC., FREEDOM OF THE PRESS FOUNDATION, AND AMERICAN ASSOCIATION OF COLLEGES AND UNIVERSITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Noël Wise<br>Date: Nov. 19, 2025<br>Time: 9:00 a.m.<br>Courtroom: 3 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

The American Civil Liberties Union of Northern California, the First Amendment Coalition, PEN American Center, Inc., the Freedom of the Press Foundation, and the American Association of Colleges and Universities, by their undersigned counsel, seek leave to file the attached proposed brief as *amici curiae* in the above-captioned action. Proposed *amici* respectfully urge the Court to (1) grant the converted motion for summary judgment filed by Plaintiffs Stanford Daily, Jane Doe, and John Doe (ECF No. 32) and (2) deny the cross-motion for summary judgment filed by Defendants Secretary of State Marco Rubio and Secretary of Homeland Security Kristi Noem (ECF No. 33). Per the parties' agreement, proposed *amici* understand that counsel for each party has consented to the timely filing of *amicus* briefs consistent with the briefing schedule entered by the Court at ECF No. 30.[1]

## I. INTRODUCTION

This case raises vital questions about the nature of free speech and political debate in this country. Since coming to power in January 2025, the Trump Administration has been misusing its authority under the Immigration Nationality Act ("INA") to target international students, faculty, and other noncitizens who engage in protected speech that supports Palestine or criticizes Israel and the U.S. government's support for Israel's actions in Gaza. The Administration claims that the presence of any noncitizen who expresses these views somehow poses "serious adverse foreign policy consequences," and that these noncitizens must have their visas revoked and be deported. It is an overbroad and unconstitutional application of the INA to protected speech that results in stifled debate and chilled speech about a matter of global concern. Proposed *amici* each work to defend the free speech principles and rights enshrined in the Constitution, and they thus submit the attached brief to highlight how unprecedented and dangerous the government's current viewpoint-based actions are.

## II. IDENTITIES AND INTERESTS OF AMICI CURIAE

The American Civil Liberties Union of Northern California ("ACLU NorCal") is one of 54 local affiliates of the American Civil Liberties Union, a non-profit, non-partisan civil liberties organization with more than 1.6 million members. As an affiliate long committed to the principles of liberty and to

---

[1] Proposed *amici* certify that no person or entity, other than amici, their members, or their counsel, made a monetary contribution to the preparation or submission of this brief or authored this brief in whole or in part.

defending both free speech and the rights of noncitizens, ACLU NorCal has a vested interest in preventing the punishment, visa revocation, and deportation of noncitizens based on their protected speech. ACLU NorCal has appeared in numerous cases concerning these issues, both as direct counsel and as amicus curiae. *See, e.g.*, *Nat'l TPS Alliance v. Noem*, Case No. 25-cv-01766-EMC, 2025 WL 2578045 (N.D. Cal. Sept. 5, 2025) (counsel); *United Farm Workers v. Noem*, Case No. 1:25-cv-00246-JLT-CDB, 2025 WL 1490131 (E.D. Cal. May 23, 2025) (counsel); *United States v. Hansen*, 599 U.S. 762 (2023) (appeal counsel); *Korematsu v. United States*, 323 U.S. 214 (1945) (trial counsel).[2]

The First Amendment Coalition ("FAC") is a non-profit, non-partisan organization dedicated to defending freedom of speech, freedom of the press, and the people's right to know. FAC has regularly appeared in federal court to protect the First Amendment rights of reporters and news organizations. *See, e.g.*, *Garcia v. County of Alameda*, 150 F.4th 1224 (9th Cir. 2025); *Cal. First Amend. Coal. v. Woodford*, 299 F.3d 868 (9th Cir. 2002).

PEN American Center, Inc. ("PEN America") is a non-profit, non-partisan organization dedicated to creative expression and the liberties that make it possible. Founded in 1922, PEN America engages in advocacy, research, and public programming related to free expression in the United States and around the world. PEN America stands for the unhampered transmission of thought within each nation and between all nations, working to ensure that people everywhere have the freedom to create literature, to convey information and ideas, express their views, and access the views, ideas, and literature of others. PEN America has engaged in research and advocacy related to protest rights and the free speech rights of immigrants.

Freedom of the Press Foundation ("FPF") is a non-profit 501(c)(3) organization founded in 2012 with a mission to protect public interest journalism. FPF works to protect journalists and their sources by building secure communications tools, providing digital security trainings and open-source resources for

---

[2] In 2025, ACLU affiliates across the country served as co-counsel for plaintiffs in four federal cases challenging the treatment of noncitizens who were arrested, detained, and threatened with deportation based on their protected speech about the war in Gaza. In each case, the district court ordered the noncitizen to be released during the pendency of the deportation proceedings. *See Khalil v. Trump*, 784 F. Supp. 3d 705 (D.N.J. 2025); *Ozturk v. Trump*, 779 F. Supp. 3d 462 (D. Vt. 2025); *Mahdawi v. Trump*, 781 F. Supp. 3d 214 (D. Vt. 2025); *Suri v. Trump*, Case No. 1:25-cv-480 (PTG/WBP), 2025 WL 1392143 (E.D. Va. May 14, 2025).

journalists, and advocating for freedom of speech and of the press. It also manages the U.S. Press Freedom Tracker, a database of press freedom violations in the United States. FPF regularly writes about and participates in legal proceedings to oppose legislation, laws, policies and court orders that violate the First Amendment and undermine press freedom.

The American Association of Colleges and Universities ("AAC&U") is a global membership organization dedicated to advancing the democratic purposes of higher education by promoting equity, innovation, and excellence in education. Through its programs and events, publications and research, public advocacy and campus-based projects, AAC&U serves as a catalyst and facilitator for innovations that improve educational quality and equity that supports the success of all students.

## III. ANALYSIS

### A. A district court has broad discretion to consider amicus support and leave to file tends to be liberally granted.

A district court has "broad discretion" to consider *amicus* support and accept briefs that are "helpful" to analyzing the facts or law. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), overruled on other grounds, *Sandin v. Conner*, 515 U.S. 472 (1995). In exercising this discretion, courts have employed "great liberality." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (cleaned up). The "classic role" of an *amicus* includes "assisting in a case of general public interest" and "supplementing the efforts of counsel." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). There are no strict prerequisites that must be established to qualify for *amicus* status; a proposed *amicus* "must merely make a showing that [its] participation is useful or otherwise desirable to the court." *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (cleaned up); *see also* Fed. R. App. P. 29(a)(3) (motion for leave to file must state movant's interest, the reason why an *amicus* brief is desirable, and why the matters asserted are relevant to the disposition of the case).

### B. The proposed brief of *amici curiae* will assist the Court's review.

Given the interests of proposed *amici* and their various work on college campuses, in newsrooms, and across the country to defend free speech rights, *amici* are uniquely positioned to

describe the framework that courts use to assess whether an infringement on expression violates constitutional limits. *Amici* thus respectfully believe that their proposed brief will assist this Court's review of the parties' cross motions for summary judgment.

In particular, the proposed brief of *amici* provides helpful analysis of the seminal case *Bridges v. Wixon*, 326 U.S. 135 (1945) and its progeny to establish that noncitizens residing in this country and citizens enjoy the same First Amendment protections for political speech. It further explains how Defendants' application of the INA to protected speech defies established precedent and violates the First Amendment's prohibition on viewpoint discrimination, resulting in the suppression of one side of the debate about the war on Gaza. Finally, the brief explores how the government's vague and overbroad ideologically driven application of the INA runs afoul of Fifth Amendment due process guarantees by (1) failing to provide noncitizens with notice of what otherwise-lawful speech, opinions, beliefs, or advocacy might result in detention and removal, and (2) affording Defendants unfettered discretion to target the pro-Palestine speech that the Administration so disfavors.

Proposed *amici* present these arguments, informed by their own relevant experiences and mindful of the liberty interests at stake. They credibly speak to the substantial First Amendment injury caused by Defendants' actions if not checked by this Court.

**IV. CONCLUSION**

For the foregoing reasons, proposed *amici* respectfully ask that the Court grant this administrative motion for leave to file the attached *amicus* brief.

Dated: October 15, 2025  Respectfully submitted,

*/s/ Chessie Thacher*
ACLU FOUNDATION OF
NORTHERN CALIFORNIA, INC.
Chessie Thacher (CA SBN 296767)
Shaila Nathu (CA SBN 314203)
Angelica Salceda (CA SBN 296152)

*Attorneys for Amici Curiae*
*American Civil Liberties Union of*
*Northern California, First Amendment*
*Coalition, PEN American Center, Inc.,*
*Freedom of the Press Foundation, and*
*American Association of Colleges and Universities*

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically transmitted the foregoing Administrative Motion for Leave to File Brief of *Amici Curiae* in Support of Plaintiffs' Motion for Summary Judgment to the Clerk of the Court for the United States Federal District Court for the Northern District of California, San Jose Division using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in the case.

*/s/ Chessie Thacher*
Chessie Thacher