| | |
|---|---|
| Blaine Bookey (SBN 267596)<br>Center for Gender and Refugee Studies<br>200 McAllister Street<br>San Francisco, CA 94102<br>Telephone: 415.703.8202<br>Facsimile: 415. 581.8824<br>bookeybl@uclawsf.edu | Ahilan Arulanantham (SBN 237841)<br>Professor from Practice<br>UCLA School of Law<br>385 Charles E. Young Dr. East<br>Los Angeles, CA 90095<br>Tel: (310) 825-1029<br>arulanantham@law.ucla.edu |
| Fatma Marouf (SBN 222732)*<br>Professor of Law<br>Texas A&M School of Law<br>1515 Commerce St.<br>Fort Worth, TX 76102<br>Tel: (817) 212-4123<br>fatma.marouf@law.tamu.edu | Elora Mukherjee*<br>Jerome L. Greene Clinical Professor of Law<br>Columbia Law School<br>Morningside Heights Legal Services<br>435 W. 116th Street, Room 831<br>New York, NY 10027<br>Tel: (212) 854-4291<br>emukherjee@law.columbia.edu |
| Amber Qureshi*<br>Law Office of Amber Qureshi, LLC<br>6925 Oakland Mills Rd., PMB #207<br>Columbia, MD 21045<br>Tel: (443) 583-4353<br>amber@qureshilegal.com | *Counsel for Amici Curiae*<br>(all counsel are in their individual capacities)<br><br>*Not admitted in this Court |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORPS, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>RUBIO, *et al*.,<br>　　　　　　　　Defendants. | Case No.: 5:25-cv-06618-NW<br><br>**APPENDIX 1 - DECLARATION OF GRAEME BLAIR, Ph.D. AND DAVID HAUSMAN, J.D., Ph.D. IN SUPPORT OF BRIEF OF *AMICI CURIAE* IMMIGRATION LAWYERS, LAW PROFESSORS, AND SCHOLARS** |

---

BRIEF OF AMICI CURIAE IMMIGRATION LAWYERS, LAW PROFESSORS, AND SCHOLARS

**DECLARATION OF GRAEME BLAIR, Ph.D. AND DAVID HAUSMAN, J.D., Ph.D.**

We, Graeme Blair and David Hausman, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. Graeme Blair is a professor of political science at UCLA. He studies policing and how to make social science research more credible, ethical, and useful. He teaches courses on research design and data analysis for undergraduates and Ph.D. students. His book, *Research Design in the Social Sciences*, was published by Princeton University Press in 2023, and his book *Crime, Insecurity, and Community Policing* was published by Cambridge University Press in 2024. He received a Ph.D. in politics from Princeton University and a B.A. in political science from Reed College. He is the recipient of the Leamer-Rosenthal Prize in Open Social Science.

2. David Hausman is an assistant professor of law at UC Berkeley. He has conducted data analysis as a consulting expert in numerous immigration cases. He has also published scholarly research using immigration enforcement datasets, evaluating, for example, the effect of sanctuary policies (*Proceedings of the National Academy of Sciences*), the effect of an algorithmic no-release policy (*Journal of Law and Economics*, forthcoming), the effect of the first Trump administration's efforts to control the immigration courts (*Journal of Law, Economics and Organization*), and the effect of appeals on immigration court outcomes (*University of Pennsylvania Law Review*). He received his J.D. and Ph.D. in political science from Stanford University and clerked for Judge Stephen Williams on the D.C. Circuit Court of Appeals.

3. Hausman and Blair are Co-Directors of the Deportation Data Project. That Project collects, analyzes, and posts public, anonymized U.S. government immigration enforcement datasets. In addition to posting publicly available data on its website, the Project uses the Freedom of Information Act to obtain datasets from federal government agencies and publishes analysis of the datasets it receives.

4. We submit this declaration in support of the Brief of Immigration Lawyers, Law Professors, and Scholars as Amici Curiae in the above-captioned case.

5. For our calculations in this declaration, we used the CASE dataset posted by the Executive Office of Immigration Review ("EOIR") in its FOIA Library.[1] We are familiar with the spreadsheets and the data contained therein.

6. The spreadsheets track immigration proceedings and record the detention status of individuals whose cases are pending or complete in the immigration courts and the Board of Immigration Appeals ("BIA"). They include, among other things, the immigration charges against each person, their entry date, the date on the Notice to Appear ("NTA"), the date and time of every hearing scheduled in the case, the outcome of the case, and, when applicable, an appeal. The spreadsheets do not include personally identifiable information, such as names or A-numbers.

7. The latest EOIR CASE dataset before the government most recently began its use of the immigration charges discussed here was posted in early March 2025. It contains 11,720,036 unique cases. Each "case" in the EOIR CASE dataset does not necessarily correspond to a different, unique individual. For example, if a removal proceeding against a specific individual ends, and later, DHS issues a new charging document against them, two "cases" corresponding with that same individual would appear in the EOIR CASE dataset.

8. Counsel for Amici Curiae asked us to discuss cases where the Department of Homeland Security ("DHS") alleged that a noncitizen violated the Immigration and Nationality Act ("INA") § 237(a)(4)(C)(i) or, prior to 1996, INA § 241(a)(4)(C)(i). We identified a list of relevant case numbers for the analysis from two sources.

---

[1] Available at https://www.justice.gov/eoir/foia-library-0. Because of the sheer volume of the spreadsheets, which would be millions of pages in length if printed or saved in paginated format, it is impractical to submit copies to the Court. As a result, pursuant to Federal Rule of Evidence 1006, this declaration contains a summary of the contents of the spreadsheets.

9.      We first accessed the charges table in the CASE dataset, and we searched by charge.[2] We found 14 cases where DHS charged a noncitizen with removability under INA § 237(a)(4)(C)(i) or § 241(a)(4)(C)(i). In 7 cases, INA § 237(a)(4)(C)(i) or § 241(a)(4)(C)(i) was the only charge invoked.

10.     Second, counsel for Amici Curiae shared a written BIA decision, *Matter of Khalifa*, 21 I&N Dec. 107 (BIA 1995), with us. According to the BIA decision, the noncitizen in that case was charged with removability under INA § 241(a)(4)(C)(i) on December 16, 1994. That case did not appear in our search of the CASE dataset, likely because that charge was added when the NTA was amended. That case does not appear in Table 1 below.

11.     With these 14 cases, we constructed a table of information presented below. We started with the most recent proceeding for each case from the proceedings table in the CASE dataset and retained the date DHS issued the charging document to the noncitizen ("OSC date"; the Notice to Appear was previously called an Order to Show Cause), custody status (whether they were detained), and a code representing the Immigration Judge's ("IJ") decision in the proceeding. We then merged in the charges for each proceeding from the charges table, which resulted in one to three charges that were entered in at least one proceeding for these cases. We then merged by case number to include details from the cases table, including the date of entry into the United States. We then merged by case number to the appeals table to add the BIA decision date. We then constructed a date representing the final decision date in the case ("Decision date") by either taking the completion date from the last proceeding or, if it was later, the BIA decision date from the Table of Appeals.

12.     There are 4 cases in the EOIR CASE dataset where DHS charged a noncitizen with removability under INA § 237(a)(4)(C)(i) or § 241(a)(4)(C)(i) and the date on the NTA was **on or**

---

[2] We accounted for differences in punctuation and capitalization.

**after January 1, 2000**. Out of those 4 cases, 2 cases were ones in which INA § 237(a)(4)(C)(i) or § 241(a)(4)(C)(i) was the only charge invoked.

13. Table 1, below, shows these data for all 14 cases, including the case ID, entry date (date of entry into the United States), OSC date (date DHS issued the charging document to the noncitizen), custody status (whether the immigrant was detained throughout the case, detained and then released during the case, or never detained during the case), the decision date (final decision date either from the proceedings table or appeals table as described above), the decision (the final decision of the IJ after any appeals, if applicable), and the charges from the charges table.

| Case ID | Entry date | OSC date | Custody status | Decision date | Decision | Charges First | Second | Third |
|---|---|---|---|---|---|---|---|---|
| 2454560 | 1977-10-17 | 1991-03-15 | Never detained | 1992-01-15 | Relief/rescinded | 241a04ci | | |
| 2529143 | 1992-02-17 | 1999-08-04 | Detained | 2000-07-13 | Removed | 237a04ai | 237a04ci | |
| 3000162 | 1994-02-01 | 1994-10-28 | Released | 2005-09-20 | Relief/rescinded | 241a01b | 241a04ci | |
| 3000168 | 1994-02-01 | 1994-10-28 | Never detained | 2005-09-20 | Relief/rescinded | 241a01b | 241a04ci | |
| 3000175 | 1994-02-01 | 1994-10-28 | Never detained | 1997-04-14 | Administrative closing - other | 241a01b | 241a04ci | |
| 3042103 | 1989-07-01 | 1995-01-04 | Never detained | 1995-08-02 | Relief/rescinded | 241a04ci | | |
| 3130892 | 2001-11-16 | 2003-10-15 | Detained | 2003-10-27 | Voluntary departure | 237a01b | 237a04ci | |
| 3357300 | 1995-02-23 | 1995-07-18 | Never detained | 1995-12-08 | Case terminated by IJ | 241a04ci | | |
| 3457035 | 1994-12-24 | 1995-04-11 | Released | 2003-09-24 | Deported | 241a04ci | | |
| 3466804 | 1994-04-23 | 1996-11-26 | Never detained | 1997-05-08 | Case terminated by IJ | 241a01b | 241a01ci | 241a04ci |
| 3476658 | 1995-03-02 | 1995-12-21 | Detained | 1999-10-14 | Case terminated by IJ | 241a04ci | | |
| 5573574 | 2005-10-02 | 2006-08-03 | Released | 2008-09-03 | Case terminated by IJ | 237a04ci | | |
| 7760620 | [missing] | 2015-09-15 | Detained | 2015-10-28 | Removed | 237a01ci | 237a04ci | 237a01b |
| 9108003 | 2018-06-02 | 2019-08-21 | Never detained | [missing] | [missing] | 237a04ci | | |

14. We have reasons to believe that the list of 14 cases we identified in the EOIR CASE dataset may be a significant overcount of the number of individuals charged with removability under INA § 237(a)(4)(C)(i) or § 241(a)(4)(C)(i).

15. Counsel for Amici Curiae shared with us two letters filed by the government in the case *Khalil v. Joyce, et* al., Civ. Act. No. 25-1963 (MEF) (D.N.J.), Dkt. Nos. 241, 246. We understand that these letters were filed in response to the District of New Jersey's Order requiring the government to provide a list of all instances in which the government has invoked INA § 237(a)(4)(C)(i) or any predecessor statutes to seek the removal of individuals from the United

States. In these letters, the government identified a total of five such cases originating before March 2025. Four of the five cases involved the predecessor statute, § 241(a)(4)(C)(i), and were invoked before January 1, 2000.

16. Because the government is likely to have more complete information about the instances in which these removability charges have been invoked, it is plausible that the 14 cases we identified in the EOIR CASE dataset were a significant overcount.

17. This overcount is plausible given the combination of the possibility of errors in the data and the extreme rarity with which these charges have been used. In the EOIR CASE dataset, there are nearly twelve million cases altogether. See ¶10 above. Even if the dataset only included an error in charges one in a million times, that would result in twelve errors. The government's letters suggested that these charges were used more rarely still only five times out of the same number of cases. Therefore, even if errors in entering charge data occur very rarely, error might nonetheless be the most likely reason for the appearance of charges under INA 237(a)(4)(C)(i) or § 241(a)(4)(C)(i) in the dataset if actual cases with these charges are rarer still.

October 15, 2025

GRAEME BLAIR
Los Angeles, California

DAVID HAUSMAN
Berkeley, California