Marc Van Der Hout (Cal. Bar #80778)
Johnny Sinodis (Cal. Bar #290402)
Oona Cahill (Cal. Bar #354525)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Conor T. Fitzpatrick (Mich. Bar #P78981)*
Daniel A. Zahn (D.C. Bar #90027403)*
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Telephone: (215) 717-3473
Email: conor.fitzpatrick@thefire.org
Email: daniel.zahn@thefire.org

Colin P. McDonell (Cal. Bar #289099)
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Email: colin.mcdonell@thefire.org

*Admitted pro hac vice

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| THE STANFORD DAILY PUBLISHING CORPORATION, JANE DOE, and JOHN DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>*Defendants*. | Case No. 5:25-cv-06618-NW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY** |

**INTRODUCTION**

This time-sensitive lawsuit seeks an injunction protecting Plaintiffs and their members against ongoing attempts by the Trump Administration to target, detain, and deport lawfully present noncitizens for protected pro-Palestinian and supposed "anti-American" speech. Although the government is asking to stay this constitutional challenge to its legal authority for such actions because of the government shutdown, the closure has not forestalled the government's exercise of this power during this time. To the contrary, two days ago Defendant Marco Rubio's State Department bragged it revoked six additional visas because of protected speech about Charlie Kirk.

As underscored by the six amicus briefs submitted yesterday, filed by 20 states [Dkt. No. 37] along with over 50 organizations and 100 individuals [Dkt. Nos. 38–42], this lawsuit raises significant First Amendment issues impacting millions of lawfully present noncitizens and requires prompt judicial attention. The brief filed by Massachusetts, Washington, California, the District of Columbia, and 16 other states explains that the attack on lawfully present noncitizens' freedom of speech "threatens [the states'] academic institutions, economic prosperity, and global leadership in education and scientific innovation," the consequences of which "could take generations to repair." Dkt. No. 37-1, at 1, 19. The danger to Plaintiffs' immigration status has not abated, and the political branches' failure to agree on a budget should not insulate these ongoing First Amendment violations from judicial scrutiny.

The lapse in funding will not prevent the government from litigating this matter, because, as explained below, the government's contingency plan authorizes government attorneys to continue working when courts deny a stay. So this Court, like others which have recently denied stays in immigration actions during the shutdown, should keep the stipulated briefing schedule in place, allowing the expeditious resolution of these important constitutional issues. *See, e.g.*, Order Re: Resp't's Mot. to Stay, *Maldonado Bautista v. Santacruz Jr.*, No. 25-cv-01873 (C.D. Cal. Oct. 3, 2025), Dkt. No. 68 (denying stay when, "despite the government shutdown, Immigration and Customs Enforcement continues to remove noncitizens"); Order Denying Defs.' Mot. to Stay, *Vasquez Perdomo v. Noem*, No. 25-cv-05605 (C.D. Cal. Oct. 10, 2025), Dkt. No. 220 (denying stay

-1-

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR STAY                               CASE NO. 5:25-cv-06618-NW

1  "[b]ecause of the impact on fundamental constitutional rights and because it appears that the federal
2  government intends to continue the [challenged immigration] stops despite the shutdown"); Order
3  Re: ECF 13, *National TPS Alliance v. Noem*, No. 25-cv-05687 (N.D. Cal. Oct. 3, 2025), Dkt. No.
4  138 (denying stay in immigration case seeking to enjoin termination of Temporary Protected Status).
5  This Court should do the same.

## ARGUMENT

The "decision to grant a stay … is 'generally left to the sound discretion of the district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The party seeking a stay "bears the burden to demonstrate that a stay is warranted." *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 18-cv-02785, 2019 WL 7374626, at *1 (E.D. Cal. Jan. 4, 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)) (denying federal defendants' requested stay during government shutdown). In evaluating a requested stay, courts must "weigh competing interests," including (1) possible damage from granting a stay, (2) the hardship to a party from being required to go forward, and (3) judicial efficiency. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). If there is even a "fair possibility" of harm resulting from a stay, the moving party must establish a "clear case of hardship" from being required to proceed that outweighs the other factors. *Id.* at 1087 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Each factor weighs against a stay.

First, a stay damages Plaintiffs and their lawfully present noncitizen members because each day without an injunction they face a danger of arrest, detention, and deportation for protected speech. *See AAUP v. Rubio*, No. CV 25-10685, 2025 WL 2777659, at *1–2 (D. Mass. Sept. 30, 2025) (finding "by clear and convincing evidence" that Secretaries Rubio and Noem "deliberately and with purposeful aforethought" violated the First Amendment by targeting noncitizens for visa revocation and deportation based solely on protected speech about American foreign policy, Israel, and Palestine). In *AAUP*, Senior District Judge Young highlighted the aggressive tactics the administration is using against noncitizens targeted for protected speech, noting "the manner in which these arrests, detentions, and revocations have been conducted: by often-masked agents,

-2-

without prior notice of visa revocation or altered status, sometimes on the street or at immigration appointments, followed by conveyance quickly out of district and across the country." *Id.* at *50. Secretaries Rubio and Noem continue to enforce immigration laws against protected speech during the government shutdown and recently have stepped up their efforts despite the shutdown. Just two days ago, the State Department announced it revoked at least six visas because the noncitizens voiced disfavored opinions about Charlie Kirk.[1] President Trump and Secretary Rubio warned that aliens who engage in similar protected speech "will be removed":[2]



Until an injunction is in place, the calculus for Plaintiffs and their lawfully present noncitizen members is clear: self-censor or else. As a result, the harm to Plaintiffs is immediate, as "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.)); *cf. Bridges v. Wixon*, 326 U.S. 135, 148 (1945) ("Freedom of speech and of press is accorded aliens residing in this country."). And when a stay results in irreparable injury, "[i]t is more likely that a district court has abused its discretion" in

---

[1] Department of State (@StateDept), X (Oct. 14, 2025, at 5:55 PM), https://perma.cc/2AVU-8P9Z.

[2] Department of State (@StateDept), X (Oct. 14, 2025, at 5:55 PM), https://perma.cc/4S3P-N8XC.

-3-

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR STAY                                CASE NO. 5:25-cv-06618-NW

granting a stay. *In re PG&E*, 100 F.4th at 1085 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Second, the government fails to establish any hardship outweighing the ongoing violation of constitutional rights. The government notes that, because of the government's failure to pass an appropriations bill, federal attorneys and other employees are *generally* prohibited from working absent an exemption. Mot. ¶ 2 (citing 31 U.S.C. §§ 1341, 1342). But one exception is when continuing to work is "authorized by law." 31 U.S.C. § 1341(a)(1)(B); *id.* § 1342. In its contingency plan for a lapse in government funding, the Department of Justice interprets this provision to mean its civil litigators must generally *request* a stay of ongoing litigation, but "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Dep't of Just., FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://perma.cc/2Z6L-VBJX; *see also Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (concluding that government attorneys may continue litigating as "authorized by law" when the court denies a motion for stay). In short, this action can proceed normally if the Court simply denies the requested stay.[3]

The government has failed to make a "clear case" that the balance of hardships weighs in its favor. *In re PG&E*, 100 F.4th at 1087. The government identifies no efficiencies from disrupting the agreed-upon briefing schedule and no cognizable harm to warrant delaying the critical constitutional issues at stake in this litigation affecting millions of lawfully present noncitizens. The Court should deny the stay.

**CONCLUSION**

Plaintiffs respectfully request that this Court deny the government's motion to stay.

---

[3] The government further asserts that undefined "work of employees from State and DHS is also necessary." Mot. ¶ 4. But the government does not tell the Court who those employees are, why their work is necessary, or establish that the unnamed employees are prohibited from working during the shutdown. What is more, this is a purely legal constitutional challenge to immigration statutes, the government already filed its principal brief, which did not rely on factual averments from State or DHS employees, and the government's lone remaining brief is a reply, which cannot raise new arguments or material.

-4-

| | |
|---|---|
| Dated: October 16, 2025 | Respectfully Submitted, |
| | /s/ *Conor T. Fitzpatrick* |
| Marc Van Der Hout (Cal. Bar #80778) | Conor T. Fitzpatrick (Mich. Bar #P78981)* |
| Johnny Sinodis (Cal. Bar #290402) | Daniel A. Zahn (D.C. Bar #90027403)* |
| Oona Cahill (Cal. Bar #354525) | **FOUNDATION FOR INDIVIDUAL** |
| **VAN DER HOUT LLP** | **RIGHTS AND EXPRESSION (FIRE)** |
| 360 Post Street, Suite 800 | 700 Pennsylvania Avenue SE, Suite 340 |
| San Francisco, CA 94108 | Washington, DC 20003 |
| Telephone: (415) 981-3000 | Telephone: (215) 717-3473 |
| Facsimile: (415) 981-3003 | Email: conor.fitzpatrick@thefire.org |
| Email: ndca@vblaw.com | Email: daniel.zahn@thefire.org |
| | |
| | Colin P. McDonell (Cal. Bar #289099) |
| | **FOUNDATION FOR INDIVIDUAL** |
| | **RIGHTS AND EXPRESSION (FIRE)** |
| | 510 Walnut Street, Suite 900 |
| | Philadelphia, PA 19106 |
| | Telephone: (215) 717-3473 |
| | Email: colin.mcdonell@thefire.org |
| | |
| | *Admitted pro hac vice |
| | |
| | *Counsel for Plaintiffs* |