UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO RUBIO, et al.,<br><br>Defendants. | Case No. 25-cv-06618-NW<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 34 |

On October 14, 2025, Defendants filed an administrative motion for a stay in light of the lapse in appropriations to the Department of Justice ("DOJ"). ECF No. 34. Defendants requested "an order staying Defendants' summary-judgment reply briefing deadline and vacating the summary-judgment hearing, and continuing all such dates until after Congress has enacted funding for the Department of Justice." *Id*. Plaintiffs filed an opposition to the administrative motion, arguing that because the "danger to Plaintiffs' immigration status has not abated" the briefing and hearing schedules should not be extended. ECF No. 43.

Since the lapse in appropriations on October 1, 2025, the Court has received inconsistent information from the DOJ about which cases it is continuing to staff. Initially, the Court was informed by DOJ attorneys that they were seeking stays in all civil cases. After granting a DOJ requested stay in an immigration matter, however, DOJ then reported to the Court that all immigration related cases would continue to be staffed. *See e.g. Enamorado v. Kaiser et al.*, 25-cv-04072-NW, ECF Nos. 37-39.

This is an immigration related case. Plaintiffs allege fear of immigration consequences for engaging in protected speech under the First Amendment.

The Court has received insufficient information to assess Defendants' request for a stay

because it is now appears DOJ is selectively requesting stays among immigration cases.[1] The Court ORDERS supplemental briefing on whether Defendants are electing to staff some, but not all, immigration cases and, if so, the basis for that decision, what types of cases are being staffed, what criteria DOJ is using to assess whether the case will be staffed, and why DOJ believes this case is not among those that warrants staffing. Finally, Defendants shall provide the Court with copies of any written DOJ policy regarding staffing ongoing civil cases during the lapse in appropriations. Defendants shall file a supplemental brief of no more than 3 pages by Wednesday, October 22, 2025, at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Noël Wise
United States District Judge

---

[1] If the DOJ had uniformly requested a stay in each of their cases, the Court would be inclined, outside of emergency requests (e.g., TROs or habeas writs), to grant those requests. The stay in this matter suggests DOJ is now requesting stays on a case-by-case basis.