CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-6748
    kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUBIO, *et al.*, <br><br> Defendants. | CASE NO. 5:25-cv-06618-NW <br><br> **FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS** |

SUPP. BRIEF ISO ADMIN. MOT. TO STAY
5:25-CV-06618-NW

1    Pursuant to the Court's Order, Dkt. No. 45, Defendants respectfully submit this supplemental

2 brief clarifying the degree to which Assistant United States Attorneys in the Civil Division of the United

3 States Attorney's Office are currently permitted to work on litigation matters.

4    On September 29, 2025, the Department of Justice issued its "FY 2026 Contingency Plan,"

5 setting forth the Department's policy regarding "operations during a lapse in appropriations." Pursuant

6 to the Court's Order, the government submits the DOJ Contingency Plan as an exhibit to this

7 supplemental brief. The DOJ Contingency Plan is also publicly available at the following internet

8 address: https://www.justice.gov/jmd/media/1377216/dl. The guidance for civil litigation is set forth on

9 page 3 of the DOJ Contingency Plan.

10    At 12:00 a.m. on October 1, 2025, the appropriations act that had been funding the Department

11 of Justice (including the U.S. Attorney's Office) expired, resulting in an immediate lapse of

12 appropriations. At 8:46 a.m. Pacific Daylight Time on October 1, pursuant to guidance from the

13 Executive Office of United States Attorneys ("EOUSA"), Civil Division Chief Pamela Johann emailed

14 the Civil Division AUSAs with the following instructions:

> **Civil litigation that is funded with lapsed appropriations will be curtailed or postponed to the extent possible, except for those cases in which postponement would compromise to a significant degree the safety of human life or the protection of property**. You should, until funds become available, request that the courts postpone active cases, except where postponement would significantly compromise the safety of human life or protection of property. . . . Please prioritize the most immediate deadlines, and file in any case where you have deadlines or anticipate needing to work in the next two weeks.

20 (Emphasis in original.) This guidance is consistent with the guidance for civil litigation as set forth in

21 the DOJ Contingency Plan.

22    Subsequently, at 10:58 a.m. on October 1, Chief Johann, pursuant to updated guidance from

23 EOUSA received at 10:45 a.m., sent the following additional instructions via email to Civil Division

24 AUSAs: "[W]e should not seek to stay immigration habeas cases."

25    The following day, at 2:26 p.m. on October 2, Chief Johann received the following clarification

26 from EOUSA: "You should NOT seek stays in civil immigration cases that involve custody or detention

27 issues or that have a nexus to public safety or national security."

28    Finally, on October 16, Chief Johann sent another email to the Civil Division AUSAs advising

that, although the "original guidance was to seek extension/stays for any matter with deadlines or that you anticipated needing to work on in the first two weeks," "[s]ince we are now into the third week, you may need to engage in a new round of extensions/stay motions."

Applying this guidance, the undersigned AUSA, who has been furloughed for the duration of the government shutdown, did not need to seek a stay initially because there were no deadlines that necessitated work in the two weeks following the lapse in appropriations. Defendants had filed their cross-motion for summary judgment before the shutdown, on September 24, *see* Dkt. No. 33, and Plaintiffs' opposition would not be filed until October 20, *see* Dkt. No. 44, with Defendants' reply due November 3, *see* Dkt. No. 30.

As the shutdown entered the third week, however, that calculus changed. First, the impending reply deadline would require the undersigned to work on this matter. Second, this case falls within the category of non-excepted matters that must be "curtailed or postponed to the extent possible." It is not a civil immigration case that involves "custody or detention issues or that [has] a nexus to public safety or national security"; there are no individuals here attempting to seek their immediate release from custody or prevent their imminent detention. *Cf. Enamorado v. Kaiser*, No. 5:25-cv-04072-NW, ECF Nos. 37-39 (immigration habeas case in which stay was initially requested on October 1 under original guidance, then lifted by stipulation on October 9 pursuant to subsequent guidance). Although this case has a theoretical connection to immigration issues generally, the gravamen of this case is a First Amendment challenge. No individual Plaintiff has actually faced any immigration enforcement action, much less detention that could be challenged by a habeas petition. *See* Dkt. No. 33 at 9-16 (explaining that Plaintiffs lack standing because they have not been threatened with enforcement); *cf.* Dkt. No. 44 at 6 (relying exclusively on perceived threat of "future" enforcement).[1] And of course, the lead Plaintiff here is not an individual who could be subject to "immigration" enforcement at all; it is a student newspaper.

Indeed, the Civil Division's practice of requesting stays in all cases with upcoming near-term deadlines, except for immigration habeas cases or similarly urgent immigration cases with a nexus to

---

[1] As Defendants have explained, if any individuals were to actually face immigration enforcement action, they would have a panoply of process available to them at that time. *See* Dkt. No. 33 at 4-5 (explaining procedural protections in removal proceedings). And as noted above, individuals in immigration custody remain able to challenge their detention by petitioning for a writ of habeas corpus.

national security or public safety, is consistent with the Court's stated inclination to generally stay civil matters involving the government "outside of emergency requests (e.g., TROs or habeas writs)." Dkt. No. 45 at 2 n.1. The primary difference is that Civil Division AUSAs were initially instructed to only request stays with deadlines in the first two weeks of the shutdown, and thereafter on a rolling basis, whereas the Court appears to have contemplated a "uniform[]" request in "each" case. The government respectfully submits that its staggered approach appropriately conserves resources by only filing such requests as they appear to become necessary, in light of case-specific deadlines and the duration of the government shutdown.

For all of these reasons, in addition to the previously submitted explanation regarding the application of the Anti-Deficiency Act, *see* Dkt. No. 34 at 2, the government respectfully requests that the Court grant the requested stay pending Congress's appropriation of funds to the Department of Justice.

DATED: October 22, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney