UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, et al., <br><br> Defendants. | Case No. 25-cv-06618-NW <br><br> **ORDER REGARDING QUESTIONS FOR NOVEMBER 19, 2025 HEARING** |

On Wednesday, November 19, 2025, at 9:00 a.m., the parties are scheduled to appear for a hearing on their cross-motions for summary judgment. The Court has procedural concerns about the posture of this case, particularly regarding standing. The Court must resolve any issues of standing before turning to the merits.

The Court has reviewed *Am. Ass'n of Univ. Professors v. Rubio*, 780 F. Supp. 3d 350 (D. Mass. 2025). Aspects of *Am. Ass'n of Univ. Professors* are instructive, and the case provides a helpful parallel on the issue of standing. In *Am. Ass'n of Univ. Professors*, plaintiffs filed a motion for preliminary injunction. Defendants opposed and raised issues of standing, among other concerns. Even though the parties ultimately asked the court to collapse the motion for preliminary injunction into a bench trial on the merits, the court first conducted its own threshold inquiry into standing by construing defendants' opposition alleging lack of standing as a motion to dismiss. *Id*. at 361. The court found that plaintiffs had alleged sufficient facts under Fed. R. Civ. Pro. 8(a) to establish at least one basis for standing each. Having found that plaintiffs had standing to proceed, only then did the court address the merits of the claims in a bench trial. *See Am. Ass'n of Univ. Professors v. Rubio*, No. 25-cv-10685-WGY, 2025 WL 2777659 (D. Mass. Sept. 30, 2025).

Here, the parties laid the groundwork to follow a similar procedural path. Initially Plaintiffs filed a complaint and sought a preliminary injunction. Before Defendants filed a responsive pleading, on August 27, 2025, the parties stipulated to convert Plaintiffs' motion for preliminary injunction to a motion for summary judgment; in response, Defendants would file a combined motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. *See* ECF No. 28. Paragraph eight of the stipulation stated, "WHEREAS, because Plaintiffs bring solely facial challenges to the constitutionality of specific statutory provisions as applied to protected speech, *the Parties believe that there are no questions of material fact* and therefore, pending the resolution of the cross-motions for summary judgment neither side will conduct discovery and each side represents it is able and willing to proceed to summary judgment briefing without discovery." *Id*. (emphasis added). Yet, paragraph ten of the stipulation stated, "WHEREAS, by agreeing to the proposal herein, *Defendants do not concede the truth of any factual allegations in Plaintiffs' Complaint or other papers*, and reserve the right to challenge the veracity of such allegations at the appropriate time, should the Court determine that summary judgment is not appropriate." *Id*. (emphasis added). Defendants did not indicate in the stipulation that they believed Plaintiffs lacked standing, and the Court accordingly approved the stipulation permitting the parties to move directly to cross-motions for summary judgment.

Defendants raised the issue of lack of standing as to each Plaintiff for the first time in their cross-motion for summary judgment. Defendants implicitly raise various factual issues including whether Plaintiffs face a "substantial threat of future enforcement," whether that threat is imminent, and whether the fears and experiences of staff and newspaper members are "germane" to the "interests" of the newspaper.

Because Defendants contest standing, the Court cannot move forward with the cross-motions for summary judgment without first ensuring Plaintiffs' have standing to bring their claims. Now, however, not only has the Court has been asked to evaluate the parties' cross-motions for summary judgment based on a factual record that is lacking, but the Court is being asked to address the merits before the issue of standing has been resolved. Further, the Court has its own concerns regarding whether Plaintiffs have alleged sufficient facts to establish standing,

separate from those arguments raised by Defendants. The Court did not have an opportunity to evaluate standing (as the court did in *Am. Ass'n of Univ. Professors*) before turning to the merits of the claims.

To address the issue of standing head-on and prior to the hearing, **Defendants are ORDERED to file a one-page notice by 11:00 a.m. tomorrow, Tuesday, November 18, 2025, indicating whether they concede the issue of standing.** One or two sentences is sufficient.

If Defendants do not concede the issue of standing, all parties should be prepared to a have a procedural discussion during the hearing. The parties should expect to address issues of standing, including why both cross-motions for summary judgment should not be denied as premature, and whether Defendants must move to dismiss for lack of standing – a posture where the Court would review the facts as alleged in the complaint in the light most favorable to the Plaintiffs.

**IT IS SO ORDERED.**

Dated: November 17, 2025

Noël Wise
United States District Judge