UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORPORATION, et al., | Case No. 25-cv-06618-NW |
| Plaintiffs, | **ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** |
| v. | |
| MARCO RUBIO, et al., | Re: ECF Nos. 32, 33 |
| Defendants. | |

On November 19, 2025, the Court held a hearing on the parties' cross-motions for summary judgment. The Court directed the parties to focus their arguments on the procedural posture of the case. After considering the parties' briefs, the relevant law, and the arguments offered during the hearing, the Court denies the parties' cross-motions for summary judgment without prejudice.

**DISCUSSION**

On August 6, 2025, Plaintiffs John Doe, Jane Doe, and Stanford Daily Publishing Corporation ("Stanford Daily") filed a complaint and motion for preliminary injunction against Defendants Secretary of State Marco Rubio and Secretary of Homeland Security Kristi Noem, in their official capacities. ECF Nos. 1, 11. Before Defendants filed a responsive pleading, on August 27, 2025, the parties stipulated to convert Plaintiffs' motion for preliminary injunction to a motion for summary judgment; in response, Defendants would file a combined motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. *See* ECF No. 28.

In their stipulation, the parties stated that they "agree that ***this facial constitutional challenge***, which entails purely legal issues concerning two statutory provisions, can be resolved expeditiously and in a manner conserving judicial resources by replacing the current briefing

United States District Court
Northern District of California

1  schedule concerning preliminary relief with a new briefing schedule concerning dispositive

2  motions." ECF No. 28, ¶ 1 (emphasis added). Paragraph eight of the stipulation stated,

3  "WHEREAS, because Plaintiffs bring solely facial challenges to the constitutionality of specific

4  statutory provisions as applied to protected speech, *the Parties believe that there are no questions*

5  *of material fact* and therefore, pending the resolution of the cross-motions for summary judgment

6  neither side will conduct discovery and each side represents it is able and willing to proceed to

7  summary judgment briefing without discovery." *Id*. ¶ 8 (emphasis added). Yet, paragraph ten of

8  the stipulation stated, "WHEREAS, by agreeing to the proposal herein, *Defendants do not concede*

9  *the truth of any factual allegations in Plaintiffs' Complaint or other papers*, and reserve the right

10  to challenge the veracity of such allegations at the appropriate time, should the Court determine

11  that summary judgment is not appropriate." *Id*. ¶ 10 (emphasis added). Defendants did not

12  indicate in the stipulation that they believed Plaintiffs lacked standing, and the Court accordingly

13  approved the stipulation permitting the parties to move directly to cross-motions for summary

14  judgment. ECF No. 30.

15  Defendants filed a cross-motion for summary judgment and opposition to Plaintiffs'

16  motion for summary judgment on September 24, 2025. ECF No. 33. Defendants raised the issue

17  of lack of standing, arguing that there is no dispute of material fact that Plaintiffs have not

18  established standing while simultaneously raising various implicit factual issues.

19  On November 17, 2025, the Court issued an order expressing concerns regarding standing

20  and the procedural posture of the case. ECF No. 52. To confirm Defendants' position, the Court

21  directed Defendants to file a notice indicating whether they concede the issue of standing. The

22  same day, Defendants notified the Court that they do not concede the standing issue. ECF No. 53.

23  As discussed during the November 19, 2025 hearing, the Court will not move forward with

24  the cross-motions for summary judgment without first ensuring that Plaintiffs have standing to

25  bring their claims. Separate from Defendants' arguments, the Court finds that there are disputes of

26  material fact, and in some instances, insufficient facts alleged in the complaint for the Court to

27  analyze whether any of the Plaintiffs have met their burden to establish standing (*e.g.*, the

28  relationship if any between the individual plaintiffs and Stanford Daily; where (print, website,

social media, etc.) and with what frequency Stanford Daily disseminates content to its readers; the scope of the Stanford Daily's content; who produces Stanford Daily's content; how, if at all, the Government's statements alleged in the complaint specifically impacted Stanford Daily; which, if any, of the Government's statements have John Doe and Jane Doe personally read; how, if at all, the Government's statements constitute a credible and imminent threat against the individual plaintiffs; how John Doe's fears square with his decision not to curtail his First Amendment behavior; and what events, if any, have occurred since Plaintiffs filed their request for a preliminary injunction that demonstrate that Plaintiffs still face a credible and imminent threat; etc.).  The Court requires a more developed factual record or detailed pleadings to evaluate standing.

The Court DENIES without prejudice the parties' cross-motions for summary judgment and revokes the order granting the parties' stipulation, ECF No. 30.  Consistent with the agreement of Defendants' counsel during the hearing, Defendants are ordered to file a motion to dismiss by December 3, 2025.  Plaintiffs' opposition is due by December 10, 2025, with Defendants' reply due by December 17, 2025.

The Court encourages the parties to meet and confer regarding procedural options to expeditiously resolve this case.  If the parties reach an agreement regarding scheduling or other issues, the parties shall immediately file a stipulation with the Court.

**IT IS SO ORDERED.**

Dated: November 19, 2025

Noël Wise
United States District Judge