Marc Van Der Hout (Cal. Bar #80778)
Johnny Sinodis (Cal. Bar #290402)
Oona Cahill (Cal. Bar #354525)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Conor T. Fitzpatrick (Mich. Bar #P78981)*
Daniel A. Zahn (D.C. Bar #90027403)*
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Telephone: (215) 717-3473
Email: conor.fitzpatrick@thefire.org
Email: daniel.zahn@thefire.org

Colin P. McDonell (Cal. Bar #289099)
**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Email: colin.mcdonell@thefire.org

*Admitted pro hac vice

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THE STANFORD DAILY PUBLISHING CORPORATION, JANE DOE, and JOHN DOE, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, <br><br> *Defendants*. | Case No. 5:25-cv-06618-NW <br><br> **STIPULATION PROPOSING SCHEDULING ORDER** |

1  Following the Court's encouragement of the parties to "meet and confer regarding next steps and a proposed case schedule," Dkt. No. 75 at 19, the parties have come to an agreement on a procedural proposal that they believe addresses concerns raised by the Court during the January 6, 2026, hearing and provides an expeditious path to a final resolution on the merits including the resolution of any disputed issues of fact.

The parties propose to treat the pending cross-motions for summary judgment (re-noticed motions at Dkt. Nos. 69, 70) as a trial on the papers. *See, e.g.*, *S.F. Baykeeper v. U.S. Fish & Wildlife Serv.*, No. 25-cv-01360, 2025 WL 2528687, at *1 (N.D. Cal. Sept. 3, 2025) ("The parties filed cross-motions for summary judgment, which they subsequently stipulated to treat as a trial on the papers, such that the case will be resolved on these motions even if the Court finds that a resolution would require weighing evidence in a manner that would not allow for summary judgment."); Hon. Morton Denlow, *Trial on the Papers: An Alternative to Cross-Motions for Summary Judgment*, Fed. Law., Aug. 1999, at 31, 46-AUG FEDRLAW 31, https://perma.cc/EP4R-DZPW ("When the parties agree that the papers contain all the necessary materials for a decision, and the court can draw inferences from the papers, a trial on the papers results in a decision on the merits."). In a bench trial on the papers, rather than conduct a trial in which parties will elicit live witness testimony and introduce exhibits, the court adjudicates factual disputes based on the existing evidentiary record of declarations, exhibits, and other evidence submitted by the parties.

To facilitate resolution of the trial on the papers, and avoid document and deposition discovery duplicative of discovery in other actions, the parties agree and propose that the record for the trial on the papers be limited to the following:

1. Material already in the case's record, including:
    a. The declarations and attached exhibits already submitted in support of the parties' motions, Dkt. Nos. 12–14, 23-1, 23-2, 33-1, 44-1, 48-1; and
    b. Verified allegations in the Verified Amended Complaint, Dkt. No. 65;
2. Material subject to judicial notice pursuant to Federal Rule of Evidence 201; and

3. The trial testimony and admitted trial exhibits from the bench trial in *American Association of University Professors v. Rubio*, No. 25-10685 (D. Mass.).[1]

The parties expressly represent they are willing to proceed to a trial on the papers on these materials, waive the right to a full bench trial with live witness testimony and introduction of additional exhibits, and request that, following the opportunity for oral argument, the Court enter findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(1) and a resulting final judgment. *See S.F. Baykeeper*, 2025 WL 2528687, at *1 ("In light of [the parties] stipulation, this Order is structured as findings of fact and conclusions of law pursuant to Rule 52(a)(1)."). For avoidance of doubt, to the extent the Court believes there are disputed facts, the parties expressly agree and request the Court resolve any such disputes on a preponderance of the evidence standard based on the declarations, exhibits, and other evidence identified as the proposed evidentiary record above.

The parties propose the following schedule:

- The parties will file the materials in Paragraph 3 within 14 days of the Court's approval of the accompanying stipulation. To the extent any such material was maintained under seal in *AAUP*, the parties will jointly file a motion to file such material under seal in this matter.
- Each side will file a supplemental brief not to exceed 15 pages on or before April 9, 2026.
- Each side will file a response to the other's supplemental brief not to exceed 10 pages on or before April 23, 2026.
- The hearing on the parties' cross-motions scheduled for May 6, 2026, is converted to a bench trial on the papers, at which time the parties will present oral argument.

For these reasons, the parties respectfully request that the Court accept and adopt the above proposal. If the Court has any questions or concerns, the parties respectfully request a Zoom status conference as soon as the parties may be heard.

---

[1] Upon the Court's approval of this proposed plan, the parties will jointly file this material on the docket. To the extent any such material was maintained under seal in *AAUP*, the parties will jointly file a motion to file such material under seal in this matter.

-2-

STIPULATION PROPOSING SCHEDULING ORDER                    No. 5:25-cv-06618-NW

| | |
|---|---|
| Dated: March 6, 2026 | Respectfully Submitted, |
| CRAIG H. MISSAKIAN<br>United States Attorney | |
| /s/ *Kelsey J. Helland* | /s/ *Conor T. Fitzpatrick* |
| KELSEY J. HELLAND<br>Assistant United States Attorney<br>United States Attorney's Office<br>Northern District of California<br>Telephone: (415) 436-6488<br>Email: Kelsey.Helland@usdoj.gov | Conor T. Fitzpatrick (Mich. Bar #P78981)*<br>Daniel A. Zahn (D.C. Bar #90027403)*<br>**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**<br>700 Pennsylvania Avenue SE, Suite 340<br>Washington, DC 20003<br>Telephone: (215) 717-3473<br>Email: conor.fitzpatrick@thefire.org<br>Email: daniel.zahn@thefire.org |
| *Counsel for Defendants* | Colin P. McDonell (Cal. Bar #289099)<br>**FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION (FIRE)**<br>510 Walnut Street, Suite 900<br>Philadelphia, PA 19106<br>Telephone: (215) 717-3473<br>Email: colin.mcdonell@thefire.org |
| | *Admitted pro hac vice |
| | Marc Van Der Hout (Cal. Bar #80778)<br>Johnny Sinodis (Cal. Bar #290402)<br>Oona Cahill (Cal. Bar #354525)<br>**VAN DER HOUT LLP**<br>360 Post Street, Suite 800<br>San Francisco, CA 94108<br>Telephone: (415) 981-3000<br>Facsimile: (415) 981-3003<br>Email: ndca@vblaw.com |
| | *Counsel for Plaintiffs* |

In accordance with Civil Local Rule 5-1(i)(3), the filer attests that all signatories have concurred in the filing of this document.