CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-6488
> FAX: (415) 436-6748
> kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STANFORD DAILY PUBLISHING CORP., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>RUBIO, *et al.*,<br><br>    Defendants. | Case No. 5:25-cv-06618-NW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' UNILATERAL STATEMENT OF DISPUTED FACTS**<br><br>Date:  May 14, 2026<br>Time:  9:00 a.m.<br>Place:  Courtroom 3, 5th Floor<br><br>The Honorable Noël Wise |

DEFS.' RESPONSE TO PLTFS.' USDF
5:25-CV-06618-NW

| Claim or Defense | Plaintiffs' Disputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| **All Claims (Facts Related to Standing)** | | |
| Issue 5: Whether the government has threatened enforcement. | Fact 1:     Mr. Miller had conversations about revoking student visas with John Armstrong, Senior Bureau Official within the U.S. Department of State's Bureau of Consular Affairs who would later revoke Ms. Öztürk's visa and author memos to Secretary Rubio recommending he render Mr. Khalil, Mr. Mahdawi, and Mr. Khan Suri deportable. *AAUP* Trial Transcript July 18, at 16–17, Dkt. No. 82-9. | The government invoked the presidential communications privilege for any such communications. *AAUP* Trial Transcript July 18, at 17-18, Dkt. No. 82-9; *see also AAUP* ECF No. 190-4 ¶ 7. The *AAUP* court initially sustained the assertion of privilege as to this trial testimony. *AAUP* Trial Transcript July 18, at 18, Dkt. No. 82-9. The *AAUP* court ultimately declined to rule on the assertion of privilege because it did not rely on the content of any such communications for purposes of its findings of fact and conclusions of law. *See AAUP*, 802 F. Supp. 3d 120, 138 (D. Mass. 2025). The government has therefore preserved its privilege assertion as to any such communications. |
| Issue 6: Whether the government has disavowed future enforcement. | Fact 2:     President Trump has never disavowed enforcing the Deportation and Revocation Provisions against protected speech. Joint Facts 94–102, 104, 117, 124, 133–136 186–187, 194, 222, 248, 266–67.<br>Fact 3:     Secretary Rubio has never disavowed enforcing the Deportation and Revocation Provisions against protected speech. Joint Facts 103, 105–116, 118–120, 122–123, 126–128, 130–132, 134–136, 184, 194, 222, 248, 266–67, 269–271.<br>Fact 4:     Former Secretary Noem has never disavowed enforcing the Deportation and Revocation Provisions against protected speech. Joint Facts | Plaintiffs try—and fail—to prove a negative. Plaintiffs have the burden of proving their disputed facts by a preponderance of the evidence. The limited record in this matter does not establish by a preponderance of the evidence that any of these four government officials "never" disavowed enforcement against protected speech. Indeed, none of these individuals were witnesses in *AAUP*. |

| | 121, 129, 134–136, 189–193, 194, 222, 248, 266–67, 269–271. <br><br> Fact 5:    Current Secretary Mullin has never disavowed enforcing the Deportation and Revocation Provisions against protected speech. Joint Facts 134–136, 194, 222, 248, 266. | |

Dated:  April 23, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants