Marc Van Der Hout (Cal. Bar #80778)
Johnny Sinodis (Cal. Bar #290402)
Oona Cahill (Cal. Bar #354525)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Conor T. Fitzpatrick (Mich. Bar #P78981)*
**FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)**
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Telephone: (215) 717-3473
Email: conor.fitzpatrick@fire.org

Colin P. McDonell (Cal. Bar #289099)
**FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)**
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Email: colin.mcdonell@fire.org

*Admitted pro hac vice

*Counsel for Plaintiffs*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THE STANFORD DAILY PUBLISHING CORPORATION, JANE DOE, and JOHN DOE, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, <br><br> *Defendants*. | Case No. 5:25-cv-06618-NW <br><br> **JOINT PRETRIAL STATEMENT** |

In accordance with this Court's Order, Dkt. No. 93, the parties provide the following information in this Joint Pretrial Statement:

**(1) Substance of the Action**

Plaintiffs are Stanford Daily Publishing Corporation, which owns and operates the independent, student-run newspaper of Stanford University; and John Doe and Jane Doe, who are noncitizens lawfully present in the United States.

Defendants are Marco Rubio, in his official capacity as Secretary of State, and Markwayne Mullin, in his official capacity as Secretary of Homeland Security.

Plaintiffs' claims challenge the constitutionality of two provisions of the Immigration and Nationality Act, what Plaintiffs have called the "Deportation Provision" (8 U.S.C. § 1227(a)(4)(C)) and the "Revocation Provision" (8 U.S.C. § 1201(i)), with respect to enforcement based on protected speech, and they seek declaratory and injunctive relief.

Defendants maintain that Plaintiffs lack Article III standing for their claims; that the statutes at issue are constitutional, and that Plaintiffs are not entitled to declaratory or injunctive relief.

The operative pleadings are the Verified Amended Complaint, Dkt. No. 65, and Answer to Verified Amended Complaint, Dkt. No. 76.

**(2) Relief Requested**

Plaintiffs' Verified Amended Complaint seeks a declaration that the "Deportation Provision" and the "Revocation Provision," when enforced based on protected speech, violate the First Amendment and are void for vagueness under the Fifth Amendment. The Verified Amended Complaint also seeks an order enjoining the enforcement of the "Deportation Provision" and the "Revocation Provision" based on protected speech.

As Plaintiffs explained in prior briefing (Dkt. No. 87, p.11), pursuant to 8 U.S.C. § 1252(f), only the Supreme Court has jurisdiction to "enjoin or restrain the operation" of the "Deportation Provision". *See* Verified Am. Compl. p. 44 n.5; *Biden v. Texas*, 597 U.S. 785, 800–01 (2002) (explaining Section 1252(f) bars only injunctive relief, not declaratory relief). Plaintiffs respectfully request, to ensure they have a vehicle to obtain the relief sought in Claims II and IV (permanent injunctive relief against the "Deportation Provision") from the Supreme Court, that the Court deny

-1-

relief on those claims on the basis that Section 1252(f) bars it from awarding that relief, but noting in its Opinion and Order that it would rule in Plaintiffs' favor on those claims but for Section 1252(f).

Plaintiffs do not seek damages, but intend to seek costs and statutory attorney's fees as authorized by law at the appropriate time.

Defendants seek dismissal of the action for lack of standing and entry of judgment in favor of the government. Defendants further maintain that the specific declaratory and injunctive relief requested by Plaintiffs is improper, as previously explained. *See* Dkt. No. 84, pp. 14-15; Dkt. No. 68, pp. 12-14. Defendants deny that Plaintiffs are entitled to costs or attorney's fees, and reserve the right to challenge any such requests.

**(3) Amendments**

Neither side proposes any amendments to the pleadings or withdraws any causes of action or affirmative defenses.

**(4) Disputed Legal Issues**

The principal disputed legal issues are whether the "Deportation Provision" and the "Revocation Provision," when enforced based on protected speech, violate the First Amendment or are void for vagueness under the Fifth Amendment. The parties have extensively briefed these disputed legal issues and supporting authority in their briefs at Dkt. Nos. 32-1, 33, 44, 48, 84, 87, & 89–90.

**(5) Settlement Discussion**

The parties do not believe this matter can be resolved via settlement.

**(6) Miscellaneous**

The parties have no other matters to raise at this time.

Dated: May 20, 2026                    Respectfully Submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Kelsey J. Helland*                    /s/ *Conor T. Fitzpatrick*
KELSEY J. HELLAND                    Conor T. Fitzpatrick (Mich. Bar #P78981)*
Assistant United States Attorney      **FOUNDATION FOR INDIVIDUAL**
United States Attorney's Office       **RIGHTS AND EXPRESSION (FIRE)**

-2-

Northern District of California
Telephone: (415) 436-6488
Email: Kelsey.Helland@usdoj.gov

*Counsel for Defendants*

700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Telephone: (215) 717-3473
Email: conor.fitzpatrick@thefire.org

Colin P. McDonell (Cal. Bar #289099)
**FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)**
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
Email: colin.mcdonell@thefire.org

*Admitted pro hac vice

Marc Van Der Hout (Cal. Bar #80778)
Johnny Sinodis (Cal. Bar #290402)
Oona Cahill (Cal. Bar #354525)
**VAN DER HOUT LLP**
360 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

*Counsel for Plaintiffs*

In accordance with Civil Local Rule 5-1(i)(3), the filer attests that all signatories have concurred in the filing of this document.

-3-

JOINT PRETRIAL STATEMENT                                    No. 5:25-cv-06618-NW