JS 213

AAUP v. RUBIO - ATTORNEYS EYES ONLY
SENSITIVE BUT UNCLASSIFIED // LAW ENFORCEMENT SENSITIVE
-2-

(SBU) Under INA section 221(i), the Secretary of State may at any time, in his discretion, revoke a visa. This authority is delegated to you pursuant to Delegation of Authority 367-4. Department policy reflected in 9 FAM 403.11-5(B) provides that a visa may be revoked in cases of a suspected ineligibility, when an individual would not meet requirements for admission, or "in other situations where warranted."

*Has valid visa*

(SBU) OZTURK was issued an F-1 visa on December 14, 2020, valid until December 9, 2025. According to information provided by DHS/ICE/HSI, OZTURK is a post doctorate degree candidate in Child Studies and Human Development at Tufts University. On March 21, 2025, DHS/ICE/HSI referred information to CA indicating that OZTURK co-authored an op-ed in Tufts' student newspaper. In this article, the authors wrote, "Graduate Students for Palestine joins Tufts Students for Justice in Palestine (TSJP), the Tufts Faculty and Staff Coalition for Ceasefire, and Fletcher Students for Palestine to reject the University's response" (to a student government resolution). According to DHS/ICE/HSI, Tufts Students for Justice in Palestine was placed on interim suspension "after it used images of weapons to promote a protest rally and urged members of the Tufts community to 'join the student intifada.'" DHS/ICE/HSI referral concluded that "OZTURK's involvement in these activities and associations with these groups may undermine U.S. foreign policy by creating a hostile environment for Jewish students and indicating support for a designated terrorist organization."

*actions, not words*

(SBU) While OZTURK has been involved with actions protesting Tufts' relationship with Israel, DHS/ICE/HSI has not, however, provided any evidence showing that OZTURK has engaged in any antisemitic activity or made any public statements indicating support for a terrorist organization or antisemitism generally. While the report implies a connection between OZTURK and the now-banned Tufts Student for Justice in Palestine (TJSP), the report presents no evidence other than OZTURK's membership in Graduate Students for Palestine which supported proposals to Tufts which were also supported by TSJP. Nor has DHS/ICE/HSI shown any evidence that

# EXISTING GROUNDS FOR REMOVAL:

1. Has engaged or is likely to engage in "terrorist activity"
   a. 8 U.S.C. § 1227(a)(4)(B), § 1182(a)(3)(B)
2. Has violated laws relating to "espionage or sabotage"
   a. 8 U.S.C. § 1227(a)(4)(A)(i)
3. Has engaged in "any activity" to oppose the U.S. government by "force, violence, or other unlawful means"
   a. 8 U.S.C. § 1227(a)(4)(A)(iii)
4. Has engaged in any criminal activity that "endangers" "national security"
   a. 8 U.S.C. § 1227(a)(4)(A)(ii)
5. Has participated in "Nazi persecution" or "genocide"
   a. 8 U.S.C. § 1227(a)(4)(A)(ii)
6. Past convictions under various other categories of crimes
   a. E.g., 8 U.S.C. § 1227(2)(A)–(F)

# *STANFORD DAILY v. RUBIO*

Case No. 5:25-cv-06618-NW

## Agenda for Plaintiffs' Case-in-Chief

1. Introduction

2. Hybrid Challenges

3. Revocation Provision Scope

4. Deportation Provision Scope

5. Burden

6. Standing

7. The Revocation and Deportation Provisions Violate the First Amendment when Enforced Based on Protected Speech.

8. The First Amendment Protects Noncitizens from Deportation Based on Protected Speech.

9. The Revocation and Deportation Provisions are Unconstitutionally Vague.

10. Remedy